IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-279-BO

K-FLEX USA, L.L.C., )
　)
　　Plaintiff, )
　)
v. ) O R D E R
　)
ARMACELL, LLC, )
　)
　　Defendant. )

This cause comes before the court on defendant's motion for an award of attorneys' fees. [DE 42]. The matter has been fully briefed and is ripe for disposition. For the following reasons, defendant's motion [DE 42] is DENIED.

## BACKGROUND

The parties are manufacturers of foam pipe insulation. At the time this action was filed, plaintiff exclusively manufactured elastomeric foam, which is derived from rubber.[1] Defendant manufactures both elastomeric foam and polyethylene foam. Plaintiff worked with a particular distributor—Sunbelt, Inc.—for several years. But in early 2017, Sunbelt began working with defendant, and almost immediately thereafter terminated its relationship with plaintiff. On the basis of the sudden termination and other perceived irregularities, plaintiff alleged that the termination was due to defendant's coercion. That allegation formed the basis of plaintiff's complaint. Plaintiff brought suit for violations of the Sherman Antitrust Act, Clayton Antitrust Act, and, most relevant to the instant motion, North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA). [DE 1].

---

[1] Plaintiff has since begun manufacturing polyethylene foam, too.

In August 2017, defendant moved to dismiss plaintiff's complaint. [DE 11]. A hearing was held before the undersigned on October 5, 2017 in Raleigh, North Carolina. [DE 22]. After the hearing, the Court denied defendant's motion to dismiss. [DE 23]. Following the discovery period, in September 2018, plaintiff moved to voluntarily dismiss its complaint without prejudice. [DE 32]. Defendant responded in opposition, arguing that the plaintiff's claims should be dismissed *with* prejudice or, alternatively, that defendant should be awarded costs and attorneys' fees as part of the dismissal without prejudice. [DE 36]. In December 2018, plaintiffs consented to a voluntary dismissal of this action with prejudice. [DE 39, 40]. That same month, defendant moved for an award of attorneys' fees. [DE 42].

## DISCUSSION

Defendant moves for an award of attorneys' fees under N.C. Gen. Stat. § 75-16.1, which authorizes trial judges to award fees in UDTPA cases. More specifically, North Carolina law provides that "[i]n any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party . . . upon a finding by the presiding judge that . . . (2) The party instituting the suit knew, or should have known the action was frivolous and malicious." N.C. Gen. Stat. § 75-16.1. The Court must support an award of fees by making findings of fact that the claimant knew or should have known that the action was frivolous and malicious and that the attorney fee award is reasonable, including findings regarding the time and labor expended, the skill required to perform the services rendered, the customary fee for like work, and the experience and ability of the attorneys. *McKinnon v. CV Indus., Inc.*, 745 S.E.2d 343, 350–51 (N.C. Ct. App. 2013); *Cotton v. Stanley*, 380 S.E.2d 419, 421 (N.C. Ct. App. 1989). An award of

2

fees under § 75-16.1 is within the sound discretion of the trial judge. *Birmingham v. H&H Home Consultants and Designs, Inc.*, 658 S.E.2d 513, 518 (N.C. Ct. App. 2008).

The Court, in its discretion, finds that no award of attorneys' fees is merited in this case. Plaintiff's antitrust claims and UDTPA claim were sufficient to survive defendant's motion to dismiss, which received a hearing before the undersigned. Following extensive discovery, plaintiff attempted to voluntarily dismiss all of its claims without prejudice. Given the advanced stage of the litigation and the costs incurred by defendant until that point, however, the Court determined that if such a dismissal were to be permitted, it would have to be accompanied by taxable costs and attorneys' fees as conditions of dismissal. Instead, plaintiff consented to a voluntary dismissal *with* prejudice. Plaintiff argues that no award of attorneys fees is appropriate because the voluntary dismissal did not make defendant a "prevailing party" under § 75-16.1. But the Court needs not consider whether the voluntary dismissal with prejudice makes defendant a "prevailing party" because, even if the requirements of the statute are met, the Court finds that no award is justified in this action.

Defendant has not demonstrated that plaintiff knew or should have known that the action was frivolous and malicious. Defendant argues that that plaintiff's suit was unsupported by the evidence and filed and maintained without just cause. For support, defendant relies on *Laschkewitch v. Legal & General Am., Inc.*, No. 5:15-CV-251-D, 2017 WL 4976442, at *2 (E.D.N.C. Nov. 1, 2017), where the Court granted attorneys' fees to a prevailing party following an award of summary judgment. In another case defendant relies upon, *Castle McCulloch, Inc. v. Freedman*, 610 S.E.2d 416 (2005), fees were granted following a directed verdict at the close of evidence at trial. In this case, however, plaintiff voluntarily dismissed its claims. The Court never made findings of fact or reviewed any of the evidence generated in discovery. And while the fact

3

that defendant's motion to dismiss was denied, following a hearing, does not conclusively resolve the issue of whether plaintiff knew or should have known the action was frivolous, it does suggest that the allegations were not wholly without legal support.

Plaintiff, on the other hand, has supplied good-faith reasons for bringing this antitrust action. Plaintiff filed suit following the termination, under circumstances that it deemed suspect, of its fifteen-year business relationship with a third-party corporation. Plaintiff has also estimated that at the time the action was filed, defendant controlled more than 90% of the United States market for polyethylene insulation. Since the lawsuit began, plaintiff has taken other actions to mitigate what it viewed as defendant's unfair competition practices, including starting manufacturing polyethylene insulation itself. Plaintiff also asserts that, during the course of discovery, it became clear that the scope and costs of litigation were not in plaintiff's interest, and in light of the mitigation and changed circumstances, "made a decision to focus on its business instead of continued litigation." [DE 42-1]. Plaintiff submits that part of its rationale for ending the suit was its concern with damaging industry relationships by taking depositions of other parties relevant to its antitrust claims. In support of its motion for fees, defendant argues simply that plaintiff "began and continued this lawsuit to injure [defendant], not to protect competition," and "consistently refused to produce evidence supporting its allegations." [DE 43, p. 12]. But given the parties' dueling allegations, and given the fact that the case was voluntarily dismissed prior to any presentation of evidence—with prejudice, to prevent future harm to defendant—to award attorneys' fees would be inappropriate.

In consideration of the particular circumstances of the case, including the voluntary dismissal which truncated the proceedings, and given defendant's failure to demonstrate that the

4

action was frivolous and malicious, the Court in its discretion finds that no award of attorneys' fees is merited. Defendant's motion must be denied.

## CONCLUSION

For the above reasons, defendant's motion for an award of attorneys' fees [DE 42] is DENIED.

SO ORDERED, this __4__ day of March, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE